## Becker *v.* Thomas, Appellant.

Argued April 20, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Abraham E. Freedman,* with him *Martin J. Vigderman,* and *Freedman, Borowsky and Lorry,* for appellants.

No argument was made nor brief submitted for appellee.

OPINION PER CURIAM, June 24, 1966:

The court below issued a preliminary injunction against Local 542, International Union of Operating Engineers and its business representative, James H. Thomas, restraining them from picketing the premises of the plaintiff, John J. Becker. The defendants have appealed, maintaining that the court was without jurisdiction to issue the injunction because:

(1) The plaintiff's complaint did not allege misrepresentation, fraud, duress, violence, breach of the peace or threat thereof on the part of the defendants, basic for utilization of the Pennsylvania Labor Anti-Injunction Act, 43 P.S. §206.

(2) There was no evidence that the plaintiff made every effort to settle any dispute existing between the parties (206k), that he suffered irreparable injury and had no adequate remedy at law, and that public officers charged with the duty to protect property were unable to furnish adequate protection (206i).

(3) The evidence demonstrated that the dispute was arguably a violation of §8(b)(7) of the National Labor Relations Act, 29 U.S.C.A. 158(b)(7), and therefore exclusively within the jurisdiction of the National Labor Relations Board.

(4) The plaintiff alleged that he did not employ operating engineers nor that his contract for the work

he would perform called for the employment of operating engineers. The Union contended that the plaintiff was performing excavational work which required the employment of operating engineers, and that the plaintiff's refusal to employ them constituted a labor dispute between the parties which was the reason for the picketing.

The record shows that the averment of a labor dispute was supported by the evidence.

The appellee did not file a brief in this case, nor was he represented by counsel at the oral argument.

The decree is reversed, the injunction dissolved, costs on the plaintiff.

Mr. Justice JONES and Mr. Justice COHEN dissent.

Mr. Justice ROBERTS dissents and would dismiss the appeal, on the ground that the issue is moot.